IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>    v.<br><br>TROY A. BEAM,<br>    Defendant | :<br>:<br>:   No. 1:16-cv-00387<br>:<br>:   (Judge Kane)<br>:<br>:<br>: |

**MEMORANDUM**

Plaintiff United States of America (the "Government"), filed the above-captioned action to reduce to judgment federal tax assessments made against Defendant Troy A. Beam for the 1997 and 1998 tax years. (Doc. No. 1.) Presently before the Court is the Government's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to the tax liability owed by Defendant (Doc. No. 11), and Defendant's motion to strike the Government's motion for summary judgment (Doc. No. 14). For the reasons provided herein, the Court will grant the Government's motion for summary judgment, and deny Defendant's motion to strike.

**I.    BACKGROUND[1]**

Defendant failed to file his federal tax returns for the 1997 and 1998 tax years. (Doc. No. 13 ¶ 1.) As a result, the Internal Revenue Service ("IRS"), prepared substitute returns on

---

[1] Local Rule 56.1 instructs that a motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 must be accompanied by a "separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1. A party opposing the motion for summary judgment must respond in like manner to the statement of material facts by identifying the genuine issues to be tried. While the Government has filed a statement of material facts in connection with its motion for summary judgment, Defendant has not complied with Local Rule 56.1 by filing his own statement of material facts that responds to the numbered paragraphs set forth in the moving party's Rule 56.1 statement. Consequently, the Court will deem the material facts set forth in the Government's Rule 56.1 statement as admitted for purposes of resolving the pending motion for summary judgment. The following relevant facts of record are thus extracted from the Government's statement of material facts.

Defendant's behalf for those years pursuant to 26 U.S.C. § 6020(b), and assessed Defendant's unpaid federal income tax liabilities as follows:

| Tax Year | Assessment Date | Assessment | Balance Owed (as of 12/25/2017) |
|---|---|---|---|
| 1997 | 03/06/2006 | $638,280.05 | $450,628.84 |
| 1998 | 03/06/2006 | $642,967.28 | $712,426.71 |
| | | **Total** | **$1,163,055.55** |

(Id. ¶¶ 2-3.) Despite receiving an assessment notice and a demand for payment, Defendant failed to pay the full amount due and owing for the unpaid federal income taxes for the tax years 1997 and 1998. After the application of all abatements, payments, and credits, as well as addition of penalties and interest, as of December 25, 2017, Defendant remains indebted to the Federal Government in the amount of $1,163,055.55, plus statutory additions and accrued interest after that date. (Id. ¶¶ 4-6.)

On March 3, 2016, the Government filed the above-captioned action to reduce to judgment Defendant's unpaid tax liabilities pursuant to 26 U.S.C. § 7402. (Doc. No. 1-1 at 1.) On May 9, 2016, Defendant, proceeding pro se, filed a motion to dismiss the complaint (Doc. No. 4), which this Court denied in an Order dated March 29, 2017 (Doc. No. 9). Thereafter, the Government filed the pending motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. No. 11), together with a brief in support (Doc. No. 12), a statement of material facts (Doc. No. 13), and several corresponding exhibits, including the declaration of Revenue Officer Jakob Pedersen (Doc. No. 13-1), IRS Forms 4340— Certificates of Assessments and Payments with regard to Defendant's individual income tax returns for the tax

periods ending in December 31, 1997 and December 31, 1998 (Doc. No. 13-2)—and certified account transcripts for the same liabilities (Doc. No. 13-3).

On December 28, 2017, Defendant filed a one-page "Motion to Strike United States' Motion for Summary Judgment," construed as a brief in opposition to the Government's motion for summary judgment.[2] (Doc. No. 14.) Having been fully briefed, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49. Thus, where no material fact is in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Id. at 248. Conversely, where there is a dispute as to an issue of material fact, the moving party must establish that the factual dispute is not a genuine one. Id.

---

[2] The Government filed an opposition to Defendant's motion to strike on January 11, 2018. (Doc. No. 15.) However, the Court need not address the substance of the Government's response, as it construes Defendant's motion as an opposition to the Government's motion for summary judgment. Accordingly, the Court will direct the Clerk to administratively term the motion to strike.

The party moving for summary judgment bears an initial burden of identifying evidence that it believes demonstrates the absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has carried this initial burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. DISCUSSION

The Government moves under Federal Rule of Civil Procedure 56 to reduce to judgment the tax assessments made against Defendant for unpaid federal income tax liabilities and statutory additions to tax for the 1997 and 1998 tax years on the basis that there exists no genuine issue of material fact, therefore entitling it to judgment as a matter of law. (Doc. No. 12 at 1.) In support of its motion for summary judgment, the Government has proffered, inter alia, certified copies of IRS Forms 4340—the certificates of assessments and payments—which detail Defendant's income tax liability for each tax year in question.

Having reviewed the record evidence and briefing filed in connection with the Government's motion for summary judgment, the Court finds that the Government is entitled to summary judgment on its tax assessments against Defendant. In the context of a motion for summary judgment to recover tax liability, the Court must engage in a burden-shifting analysis. As a threshold matter, the Government predicates its motion for summary judgment on the presumptive validity of its assessments of Defendant's tax liability. An IRS assessment is "presumed to be valid and establish[es] a prima facie case of liability against a taxpayer."[3] United States v. Green, 201 F.3d 251, 253 (3d Cir. 2000). "The presumption extends to assessments of non-fraud civil penalties and interest." United States v. Sollenberger, 150 F. Supp. 3d 393, 400 (M.D. Pa. 2015), judgment entered, No. 1:12-cv-1488, 2015 WL 8781280 (M.D. Pa. Dec. 15, 2015) (citation omitted); see also United States v. Sadler, No. 13-cv-7207, 2015 WL 4610950, at *3 (E.D. Pa. Aug. 3, 2015) ("Further, applying the penalties for failure to timely file, failure to prepay tax, and failure to timely pay tax, requires nothing more than an examination of the underlying assessment, the date of the return, and the amount of the deficiency. Because the underlying assessment is entitled to a presumption of correctness, it follows logically that penalties based entirely on the date and amount of that assessment should also be presumed correct."). Applied here, it is clear that the Government has established its prima facie case through the declaration of Jakob Pedersen and certified transcripts reflecting the income tax assessments, penalties, and interest owed by Defendant for the tax years of 1997 and 1998. See Green, 201 F.3d at 253 ("Assessments are presumed to be valid, and establish a prima facie case of liability against a taxpayer."); Freck v. I.R.S., 37 F.3d 986, 992 n.8 (3d Cir. 1994)

---

[3] "An assessment is the official recording of the Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, addition to tax, and assessable penalties, imposed by the Internal Revenue Code." United States v. Zeunen, No. 3:10-cv-2213, 2011 WL 6130755, at *2 (M.D. Pa. Dec. 8, 2011) (citing 26 U.S.C §§ 6201, 6203).

("Assessments are generally presumed valid and establish a prima facie case of liability against a taxpayer."). Thus, the burden shifts to Defendant, the assessed party, to rebut the presumption of liability through an evidentiary showing that the assessments are incorrect. See Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992).

Defendant has failed to produce evidence to rebut the presumption of validity as to the Government's assessments of his unpaid tax liability for the relevant tax period. Rather, in his motion to strike, Defendant relies on his own bare, unsupported assertion that "[b]ased on all the [m]otions filed in this [C]ourt and the [Government's] failure to dispute the material facts set forth, this Court has sufficient evidence that the IRS's assessments are erroneous and grossly incorrect and that the United States is not entitled to summary judgment." (Doc. No. 14 at 1); see also Olson v. GE Astrospace, 101 F.3d 947, 951 (3d Cir. 1996) ("In order to demonstrate the existence of a genuine issue of material fact, the nonmovant must supply sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant."). Indeed, Defendant's allegations that the IRS's assessments are erroneous amount to nothing more than mere speculation. As Defendant has presented no evidence contesting the validity or correctness of the Government's tax assessments so as to create a genuine issue of material fact as to the existence or amount of the underlying tax liability for the tax period at issue, the Court will grant the Government's motion for summary judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court will grant the Government's motion for summary judgment and enter judgment against Defendant for all outstanding tax liability for the tax years of 1997 and 1998, inclusive of interest and penalties, in the amount of $1,163,055.55 plus

statutory additions and interest from December 25, 2017, until the date the judgment is satisfied.

An appropriate Order follows.